## ALSTON *vs.* GILLESPIE.

An action was brought in a justice's court, alleging that the defendant had damaged the plaintiff in the sum of $90 by breach of contract; that the defendant entered into a contract with two others, by which he was to receive one-third interest in the proceeds of a certain gin and fixtures for the space of six years and four months from its date; that afterwards the defendant sold and conveyed to the plaintiff his one-third interest for the then unexpired time of said contract; that after the plaintiff had paid the defendant for the full term of the contract and had only received his interest for two years, defendant, through fraud and deceit, interfered with and cancelled the original contract, and caused the gin and fixtures to be moved away by the parties thereto; that by fraud and deceit practiced and performed by defendant, he injured and damaged plaintiff in the sum of $90; and that defendant failed and refused on his part to act in good faith with plaintiff, and by such fraudulent act in ignoring plaintiff's rights, in cancelling the trade and permitting the gin and fixtures to be removed, injured and damaged the plaintiff in the sum already stated:

*Held*, that, under the contract, the plaintiff had a right to have and enjoy one-third of the profits of the gin and fixtures for the unexpired term of the contract, and when the defendant interfered therewith, he violated his agreement with the plaintiff. Therefore,

while the character of the action is somewhat confused, it is, in substance, for a breach of contract; and there was no error in refusing to set aside a judgment rendered in the case, on the ground that the justice's court had no jurisdiction.

May 4, 1887.

Justice Courts. Jurisdiction. Actions. Contracts. Before Judge HUTCHINS. Banks Superior Court. September Term, 1886.

Reported in the decision.

W. L. MARLER; W. L. TELFORD, for plaintiff in error.

A. C. MOSS; W. I. PIKE, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

Gillespie brought his action, in a justice's court, against Alston, alleging that Alston had damaged him in the sum of $90 by breach of contract; that on the 14th of August, 1880, Alston entered into a contract with Jesse D. Strange and J. J. Prewitt, in which contract Alston was to receive one-third interest in the proceeds of a certain gin and fixtures for the space of six years and four months from that date; and that afterwards, November 11th, 1881, Alston sold and conveyed to Gillespie his one-third interest of the proceeds of the gin and fixtures for the then unexpired time of said lease and contract; and that after Gillespie had paid Alston for the full term of said contract, and had only received his interest for two years, Alston, through fraud and deceit, then interfered with and cancelled the original contract, and caused the gin and fixtures to be moved away by the parties to the contract; and that by such fraud and deceit practiced and performed by Alston, he injured and damaged Gillespie in the sum of $90. Gillespie further alleged that Alston failed and refused on his part to act in good faith with him, and by

such fraudulent act in ignoring his (Gillespie's) rights, in cancelling the trade and permitting the gin and fixtures to be removed, injured and damaged him (Gillespie) in the sum of $90. This case was appealed to the superior court; and on the trial, a verdict was had in favor of Gillespie against Alston. No motion for new trial was made and no motion in arrest of judgment. After the term of the court had expired, and at the next term, Alston moved to set aside this judgment, upon the ground that the justice's court had no jurisdiction of the case. This was overruled by the court; and this ruling is excepted to.

When Alston entered into this contract with Gillespie, there was an implied agreement on his part that Gillespie should enjoy the fruits of the contract; and if he afterwards destroyed these fruits by cancelling the contract he had made with Strange and Prewitt, he damaged him to that extent, and Gillespie had a right of action for such damage. While it is somewhat difficult to perceive that this is a breach of contract, yet we are of the opinion that it is in fact a breach of Alston's contract with Gillespie. Gillespie had a right, under that contract, to have and enjoy one-third of the profits of the gin and fixtures for the unexpired term of the lease; and when Alston interfered with it (and no doubt he did, as the proof showed, and the verdict in favor of Gillespie determined), he violated the agreement he had made with Gillespie. The agreement was that he should take the place of Alston in the contract, and have the same benefit that Alston himself would have had. When Alston cancelled the original agreement and caused the gin and fixtures to be removed, that prevented Gillespie from receiving the benefit to which he was entitled under his contract.

The record is somewhat confused, from the manner in which it is brought up here. Upon the whole, we deem it best to affirm the judgment of the court below.

Judgment affirmed.